**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KALYN R. KELSEY,<br><br>　　　　Plaintiff - Appellant,<br><br>　v.<br><br>MICHAEL J. ASTRUE, Commissioner of Social Security Administration,<br><br>　　　　Defendant - Appellee. | No. 09-35685<br><br>D.C. No. 4:08-cv-00057-SEH-RKS<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Montana
Sam E. Haddon, District Judge, Presiding

Submitted April 9, 2010[**]
Seattle, Washington

Before: GOODWIN, HAWKINS and N.R. SMITH, Circuit Judges.

On appeal, Kalyn Kelsey challenges the Administrative Law Judge's

("ALJ") findings that: (1) Kelsey's mental impairments were not severe; and (2)

---

[*]　This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]　The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Kelsey's impairments did not prevent her from performing her past relevant work. We reject these arguments and affirm the district court.

1.      Substantial evidence supports the ALJ's reasons for finding that Kelsey's mental impairments were not severe: (1) Dr. Mozer, after personally examining Kelsey, concluded that the claimant had only mild depression and anxiety that were not limiting; (2) Dr. Arpon testified that Kelsey's thought processes were at least fair (if not better) throughout her treatment; (3) Dr. Kuka, Ph.D, though not a treating physician, testified that these impairments would not have a severely limiting effect on Kelsey; (4) Kelsey's testimony that her prescription of Cymbalta (an anti-depressant) had improved her cognitive abilities; and (5) Kelsey had an "overall excellent performance [105] on an I.Q. test in August of 2007."

2.      Substantial evidence supports the ALJ's finding that Kelsey's impairments did not prevent her from performing her past relevant work.  First, as to Kelsey's claims of pain in her neck and shoulders, objective testing revealed only mild degenerative change in her cervical spine.  Second, concerning Kelsey's hands, the evidence showed only carpal tunnel syndrome in the right upper extremity of her right hand.  With respect to Kelsey's left hand specifically, the most recent physical examinations suggest that her pain is under control.  Third, as to Kelsey's claims of low back pain, left pain, and tingling in her right leg, the ALJ noted that

the evidence showed only mild degenerative changes in Kelsey's lumbar spine, and that there was only moderate soft-tissue tenderness and no vertebral tenderness, and the x-rays of Kelsey's hips were within normal limits. Fourth, the ALJ noted the opinions of Drs. Mozer and Kuka, who both opined that Kelsey was not functionally limited. Finally, the ALJ placed weight on the fact that Kelsey was engaging in numerous daily activities that undermined her reports of debilitating impairments.

In making this determination, the ALJ properly discredited Kelsey's testimony regarding the severity of her impairments. "In deciding whether to admit a claimant's subjective symptom testimony, the ALJ must engage in a two-step analysis." *Batson v. Comm'r of Soc. Sec. Admin.,* 359 F.3d 1190, 1196 (9th Cir. 2004). First, "[t]he claimant must produce objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged . . . .'" *Bunnell v. Sullivan,* 947 F.2d 341, 344 (9th Cir. 1991) (quoting 42 U.S.C. § 423(d)(5)(A)). Second, assuming claimant produces such evidence and there is no affirmative evidence the claimant is malingering, the Commissioner must provide "clear and convincing" reasons for rejecting the claimant's testimony. *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993) (quotation marks and citation omitted).

The ALJ gave the following clear and convincing reasons for rejecting Kelsey's testimony: (1) Kelsey misrepresented her work history to Dr. Mozer in August 2007, claiming that she had not worked since 1997, even though she had earlier reported that she had worked several jobs post-1997; (2) Dr. Arpon noted that Kelsey claimed she was "no longer allowed to work because her job puts her at risk for losing her disability benefits," which was contradicted by the record; (3) Kelsey misrepresented her alcohol abuse to Dr. Arpon; and (4) the ALJ noted Kelsey was engaging in daily activities, during the time of her alleged disability, that were inconsistent with her reports of pain.

In finding that Kelsey's impairments do not prevent her from performing her past relevant work, the ALJ also properly relied on the vocational expert's testimony that Kelsey could perform her past relevant work, while properly rejecting Kelsey's proffered hypothetical to the vocational expert containing all of her alleged disabilities. *See Magallanes v. Bowen*, 881 F.2d 747, 756–57 (9th Cir. 1989) ("The ALJ is not bound to accept as true the restrictions presented in a hypothetical question propounded by a claimant's counsel. Rather, the ALJ is 'free to accept or reject these restrictions . . . as long as they are supported by substantial evidence.'" (internal citations omitted)).

**AFFIRMED.**